Green, J.
delivered the opinion of the court.
In this case, an original attachment was sued out in the county of Franklin, in this State, against Berry, who pleaded in abatement that he was a citizen and resident of the State of Alabama/’and had, at no timé, before the suing out said attachment been a citizen of Tennessee, and that the plaintiff was a bank chartered by the State of Alabama and located within that State. To this plea the plaintiff demurred. The demurrer was overruled, andthe plaintiff appealed to this court. It has been repeatedly ruled in this court, that an original attachment will not lie unless the plaintiff or defendant be a citizen of this State. Such was the decision in Kincaid vs. Thomas, Cooke’s R. 49, Shugart vs. Orr, 5 Yerg. R. 192, and Webb vs. Young, 6 Yerg. R. 473.
. The act of 1809,.which gives to the court of the county *591 where the defendant may be found, jurisdiction in aH transitory actions, has no application to attachments. The very ground for suing out an attachment is, that the defendant cannot be found, that he hath removed, or is removing himself privately, or so absconds, or conceals himself that the ordinary process of law cannot be served upon him. The plaintiff’s demurrer does not put in issue the question, whether the plea in abatement was filed at the proper time, but only whether the plea is well pleaded and contains sufficient matter of defence. At the return term of the attachment in November, 1841, the defendant moved the court to quash the attachment, which was done, and the plaintiff appealed to this court. After the judgment quashing the attachment was rendered and the appeal to this court was taken, the plaintiff filed his declaration. The cause was heard in this court at the December term, and the judgment was reversed and the case remanded for further proceedings.
At the March term, 1842, the defendant tendered his plea in abatement, to the filing of which the plaintiff objected, but the objection was overruled, and the plea was filed. We think this plea was filed in sufficient time. The declaration had not been filed at the November term, 1841, before the motion to_ quash, and the judgment thereon; of course the defendant could not be required to file his plea. After the judgment quashing the attachment, and the appeal to this court, the cause was out of that court, and the fact that the declaration was placed in the files of that court, at the time, cannot be regarded as havingbeen filed, so as to demand an answer from the defendant.
The plea was filed at the first term after the judgment was reversed, and at the earliest period at which any action could be taken, after the declaration was filed, and we think was in proper time. Affirm the judgment.